STATE OF MAINE                          SUPERIOR COURT
ANDROSCOGGIN, ss                        DOCKET NO. CV-19-124

City of Lewiston,                                    )
                        RECEIVED & FILED             )
            Plaintiff,          FEB 17 2020           )
                                                     )
        v.                 ANDROSCOGGIN              )     Order
                           SUPERIOR COURT            )
Brandan Ray,                                         )
                                                     )
            Defendant.                               )

This is a subrogation action for damages sustained by a Lewiston police officer during an

incident with Defendant. Pending before the court is Plaintiff's summary judgment motion

which Defendant has opposed. Also pending before the court is Defendant's motion to

determine the timeliness of discovery responses together with a request for fees and costs, which

Plaintiff opposes. Whether Defendant's discovery responses are timely impacts the summary

judgment analysis. After consideration of the motions, the court orders as follows.

Defendant asks that the court determine that his responses to Plaintiff's request for

admissions are timely. The dispute revolves around Defendant's correct address and service of

discovery. The return of service on the summons indicates that Defendant was served with the

complaint at a Howe Street address in Auburn[1]. When Defendant filed his answer on July 14,

2019, however, he updated his address to Acadia Avenue in Lewiston[2]. Until Attorney

L'Hommedieu entered his limited appearance on December 23, 2019, Defendant was

representing himself.

---

[1] Apparently the Howe Street residence belongs to Defendant's mother.

[2] Plaintiff refers to Defendant's Answer as unsigned. Her copy may not have had a copy of the signature, but the original Answer filed with the court was in fact signed.

1

Plaintiff served Defendant with a request for admissions, interrogatories and a request for production of documents on August 19, 2019. The discovery requests were sent to both the Auburn and Lewiston addresses. Pursuant to M.R. Civ. P. 36(a), Defendant was required to respond to the admission request within 30 days after service of the request, and he did not. Defendant denies receiving the requests in his affidavit. *Defendant's Motion to Determine Timeliness of Discovery Responses*, Ex. 4, Defendant's Affidavit.

For some reason Plaintiff sent out the discovery requests to Defendant a second time on October 11, 2019 by certified mail, but apparently only to the Auburn address[3]. At that point, Plaintiff was on clear notice that the Lewiston address was the correct address. Nonetheless, Defendant's mother signed the certified mail receipt on October 15, 2019. Defendant states in his affidavit as follows:

> At some point, my mother gave the certified letter to me. Very shortly after that I provided the discovery papers to my attorney, Chris L'Hommedieu. Within a week of that we prepared and served answers to the discovery requests – including answers to the Request for Admissions.

*Defendant's Motion to Determine Timeliness of Discovery Responses*, Ex. 4, Defendant's Affidavit, paragraph 7. Although Defendant admits receiving the October requests, it is unclear the date on which he received them. However, he also was not properly served them in October because they were not sent to the right address. Pursuant to M.R. Civ. P. 5(b), "[s]ervice upon an unrepresented party who has not opted in to Electronic Service . . .shall be made by mailing to them to the last known regular mail address of the party". Because the Lewiston address was the

---

[3] The parties dispute whether the summary judgment motion was sent to both addresses. Although Plaintiff submitted an affidavit of counsel's assistant which states the motion was mailed to the Lewiston address, the certificate of service in the motion, signed by Plaintiff's counsel, states only that it was mailed to the Auburn address.

"last known regular mail address of" Defendant, Plaintiff did not properly serve the discovery requests in October and the 30 days to respond under Rule 36(a) did not begin to run anew.

Defendant sent his responses to the request for admissions to Plaintiff through Attorney L'Hommedieu by letter dated December 10, 2019; he may have also sent them via e-mail on December 4, 2019. These responses are timely as to the October requests because the 30-day response period was not triggered. They are clearly untimely with respect to the properly served August requests. Pursuant to M.R. Civ. P. 36(a), the August request for admissions was admitted when there was no timely response.

Plaintiff argues that Defendant has not moved to enlarge the time to answer or withdraw his admissions that occurred by operation of Rule 36(b). He did, however, respond to the request for admissions following the inadequate service in October and move to determine the timeliness of the response. The court notes that Rule 36 itself evinces a policy in favor of the determination of cases on the merits:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment *when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits.*

M.R. Civ. P. 36(b) (emphasis added). In this case, the court believes that Defendant's December responses should be permitted and considered an amendment or withdrawal of his non-response to the August discovery requests. In so ruling, the court notes that Plaintiff was apparently willing to permit late answers and not take the admissions as conclusively established when it sent out the discovery requests again in October. Defendant moved to have his December responses considered, albeit he has not moved to withdraw or amend his earlier responses. If the

court were to consider Defendant's responses as filed in response to the October discovery requests, they would be timely not because the time runs from receipt but because the 30-day time to respond was never triggered by proper service. Finally, the court notes that the discovery deadline has not run under the pretrial order. In short, the presentation of the merits of the action will be served thereby and withdrawal or amendment will not prejudice Plaintiff in maintaining the action.

Having determined that Defendant's December responses to the discovery will be permitted, Plaintiff's motion for summary judgment must fail as it is based on the premise that Defendant did not respond to the Request for Admissions and therefore those matters were admitted.

Defendant also asks that he be awarded the cost of copying the summary judgment motion from the court's file and for attorney's fees. Attorney L'Hommedieu asked Attorney Hoffman to send him a copy of the motion which she refused. She is correct that M.R. Civ. P. 5(b) did not require her to send a copy to Attorney L'Hommedieu as he had not entered his appearance. For that reason, the request for fees and costs is denied.

However, the court will take both attorneys to task for their lack of civility and cooperation in this matter. Although Attorney Hoffman was under no obligation to send a copy of the motion to Attorney L'Hommedieu under Rule 5, he was clearly asking on behalf of the Defendant and asserted Defendant did not receive it. Common courtesy would have dictated she send a copy.[4] On the other hand, Attorney L'Hommedieu's threat to report Attorney Hoffman to

[4] Attorney Hoffman also insisted on accusing Defendant of carrying a concealed weapon without a permit throughout the pleadings and correspondence. This served no purpose except to inflame; it was not relevant to any issue before the court and was inaccurate as a permit has not been required since October 2015.

the managing partner of her firm was also unwarranted. The escalating lack of civility in the emails between counsel is striking, and could and should have been avoided had they only stepped back and realized both had engaged in some sloppiness in their practices particularly as it surrounds the issues of representation and service.

Therefore, the entry is:

Defendant's Responses to Discovery in December 2019 shall stand. Plaintiff's Motion for Summary Judgment Denied. Defendant's Motion for Fees and Costs denied. This Order may be incorporated on the docket of the case by reference pursuant to Me. R. Civ. P. 79(a).

Dated: 2/12/2020

Valerie Stanfill
Justice, Maine Superior Court